IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDDIE WILLIAMS,                      No.  CIV.S-05-0658 DAD

      Plaintiff,

  v.                                   <u>ORDER</u>

JO ANNE B. BARNHART,
Commissioner of Social
Security,

      Defendant.
_____/

     This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.  For the reasons explained below, the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

**PROCEDURAL BACKGROUND**

     Plaintiff Freddie L. Williams applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act").  (Transcript (Tr.) at 46-49.)  The Commissioner denied

1

plaintiff's application initially and on reconsideration. (Tr. at 29-32, 37-41.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on November 8, 2004, at which time plaintiff was represented by counsel. (Tr. at 360-73.) In a decision issued on November 22, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 12-20.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since January 4, 2002.
>
> 2. The medical evidence establishes that the claimant has severe diabetes mellitus, hypertension, joint pain and Hepatitis C, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. The claimant does not have a severe mental impairment or substance abuse disorder.
>
> 3. The claimant's testimony is not substantially credible for the reasons stated in the body of this decision.
>
> 4. The claimant has the residual functional capacity to perform the physical exertion requirements of work except for frequently lifting more than 25 pounds and occasionally lifting more than 50 pounds. There are no non-exertional limitations (20 CFR § 416.945).
>
> 5. The claimant does not have any past relevant work.
>
> 6. The claimant has the residual functional capacity to perform the full range of medium work (20 CFR § 416.967).

/////

2

> 7. The claimant is 53-years-old, which is defined as a closely approaching advanced age individual (20 CFR § 416.963).
>
> 8. The claimant possesses a limited education (20 CFR § 416.964).
>
> 9. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.
>
> 10. Section 416.969 of Regulations No. 16 and Rule 203.18, Table No. 3 of Appendix 2, Subpart P, Regulations No. 4, direct a conclusion that, considering the claimant's residual functional capacity, age, education and work experience, he is not disabled.
>
> 11. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(f)).

(Tr. at 19.)  The Appeals Council declined review of the ALJ's decision on February 4, 2005.  (Tr. at 4-6.)  Plaintiff then sought judicial review, pursuant to 42 U.S.C. § 405(g), by filing the complaint in this action on April 4, 2005.

## LEGAL STANDARD

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770

F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Morgan</u>, 169 F.3d at 599; <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985) (citing <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)); <u>see</u> <u>also</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003) (Substantial evidence "is more than a mere scintilla but not necessarily a preponderance.")

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  <u>See</u> <u>Jones</u>, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

/////

/////

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is conclusively presumed disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff advances two arguments in his motion for summary judgment. First, plaintiff asserts that the ALJ erred in his treatment of certain opinions rendered regarding plaintiff's alleged mental impairment. Those include the opinions of Barry N. Finkel, Ph.D., a psychologist who examined plaintiff on December 14, 2000 (Tr. at 354-59) and Carl W. Wolf, M.D., an internal medicine consultant who examined plaintiff on November 8, 2002 (Tr. at 180-82). Second, plaintiff argues that the ALJ erred in not taking

5

testimony from a vocational expert at the administrative hearing. The court addresses plaintiff's arguments below.

As noted, plaintiff argues that the ALJ erred in his treatment of the opinions of Dr. Finkel and Dr. Wolf. As a general matter, where the opinion of an examining physician is uncontradicted by the opinion of another doctor, the ALJ must provide "clear and convincing" reasons for rejecting it. Lester, 81 F.3d at 830. See also Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004); Where an examining physician's opinion is contradicted by that of another doctor, it can be rejected upon a showing of "specific and legitimate reasons that are supported by substantial evidence in the record." Id. See also Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).

With respect to Dr. Finkel, the court agrees with plaintiff that the ALJ did not mention that physician's opinion. However, to the extent the ALJ erred by that omission, any such error was harmless. See Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990); Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984). Dr. Finkel evaluated plaintiff on December 14, 2000, in connection with an earlier application for benefits. (Tr. at 354-59.) The parties agree that the earlier application, filed in 1999, was litigated at the administrative level up through the Appeals Council. (Tr. at 225-63.) The Commissioner's decision that plaintiff was not disabled, made in response to that earlier application, became final on February 22, 2002. (Tr. at 225-26.) Judicial review of that decision was not sought by plaintiff. (Id.)

That decision therefore is final and binding and is res judicata as to plaintiff's nondisability prior to February 22, 2002.  42 U.S.C. § 405(h); <u>Miller</u>, 770 F.2d at 848 (finding unappealed decision of ALJ final and binding on both claimant and Secretary under res judicata). In light of that determination, Dr. Finkel's opinion of December 14, 2000, is irrelevant with respect to the instant application.  <u>Miller</u>, 770 F.2d at 848 ("In light of the prior determination that Miller was not disabled as of January 19, 1979, medical reports based on observations made prior to January 20, 1979, are irrelevant."). Therefore, the ALJ's omission of any reference to that opinion was harmless.

      Dr. Wolf examined plaintiff on November 8, 2002, during the relevant period.  (Tr. at 180-82.)  However, Dr. Wolf is an internal medicine specialist and he evaluated plaintiff's chief complaints of diabetes and hypertension.  (Tr. at 180.)  Based on plaintiff's anxiousness, agitation and suspicious thoughts during the examination, Dr. Wolf diagnoses included "probable psychosis with paranoid ideation" but, presumably because he had no expertise in the relevant field, he assessed no limitations in connection with that suspected condition.  (Tr. at 182.)  Rather, Dr. Wolf noted that plaintiff had an upcoming psychiatric examination and deferred to the evaluation to be conducted at that examination.  (Tr. at 180.)  In this regard, Dr. Wolf concluded in his report as follows: "The claimant does appear to be severely impaired by his psychological status and this will be further evaluated."  (Tr. at 182.)  Because Dr. Wolf has no mental health expertise and assessed no specific

limitations associated with plaintiff's "probable" psychosis, his report was obviously of limited value to the ALJ with respect to plaintiff's claim of a mental impairment. Accordingly, if the ALJ can be said to have erred at all in failing to discuss Dr. Wolf's report with respect to any claim of mental impairment, that error was also harmless.[1]

Finally, one examining physician and two nonexamining physicians evaluated plaintiff's claim of mental impairment in particular and during the relevant period. (Tr. at 183-87, 190-203, 206-19.) The opinions of those physicians constitute substantial evidence supporting the ALJ's determination that plaintiff suffers from no significant limitations with respect to any mental impairment. See 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Indeed, there was no discussion of any mental limitations of any kind at the November 8, 2004, administrative hearing at which plaintiff was represented by counsel. (Tr. at 360-73.)

/////
/////
/////
/////

---

[1] Although the ALJ did not identify Dr. Wolf by name, the ALJ did cite Dr. Wolf's report by exhibit number several times in his decision in the context of addressing plaintiff's physical impairments. (Tr. at 17-18.)

8

1    For these reasons, plaintiff's argument that the ALJ erred in his treatment of the opinions of Dr. Finkel and Dr. Wolf regarding plaintiff's alleged mental impairment is rejected.[2]

Plaintiff's other argument is that the ALJ should have taken testimony from a vocational expert at the administrative hearing. At step five of the sequential evaluation, the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either: (1) applying the medical-vocational guidelines ("grids") in appropriate circumstances; or (2) taking the testimony of a vocational expert. See Polny v. Bowen, 864 F.2d 661, 663 (9th Cir. 1988); Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)). Testimony from a vocational expert usually is required when there are significant nonexertional limitations. See Burkhart, 856 F.2d at 1340; Desrosiers, 846 F.2d at 577. Plaintiff argues that such is the case here. However, that argument is in turn premised on plaintiff's first claim regarding the ALJ's treatment of Dr. Finkel and Dr. Wolf's opinion, which the court has rejected. The ALJ having committed no reversible error with respect to his treatment of the treating physicians' opinions,

---

[2] Plaintiff very briefly asserts in his motion that the ALJ should have obtained additional, more recent mental evaluations regarding plaintiff. That argument is rejected. There was no conflict, ambiguity or inadequacy in the record that required further development of the record. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001)("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.")

plaintiff's argument regarding the need for vocational expert testimony also fails.  Substantial evidence supports the determination that plaintiff has no significant nonexertional limitations arising out of any mental impairment.  Taking testimony from a vocational expert was not necessary under the circumstances.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted; and

3. The decision of the Commissioner of Social Security is affirmed.

DATED: September 19, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.socsec\williams0658.order